IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. _____

| | |
|---|---|
| SUSAN SMITH BAITY, Administratrix of the Estate of FRANK DEAN BAITY,<br><br>Plaintiff,<br><br>vs.<br><br>HUNGARO TRANSPORTATION, INC., JBT TRANSPORT INC. and FLORIN COMICI,<br><br>Defendants. | **COMPLAINT**<br><br>1:05CV01025 |

Plaintiff, Susan Smith Baity ("Susan Baity"), administratrix of the estate of her husband, Frank Dean Baity ("Frank Baity"), complaining of defendants, alleges and says as follows:

## JURISDICTION

1. Plaintiff Susan Baity is an adult and a citizen and resident of State Road, North Carolina (Surry County). She is the duly qualified and acting Administrator of the Estate of Frank Baity, her husband (date of birth: November 2, 1952), who was also a resident of State Road, North Carolina (Surry County), at the time of his death on July 24, 2004.

2. Hungaro Transportation, Inc. ("Hungaro Transportation") is (and was at the time of the wreck described below) a corporation organized and existing under the laws of the Province of Ontario with a principal office and place of business in the same (67 Coachill Drive, Kitchener, Ontario, Canada N2E1N7).

3. JBT Transport, Inc. ("JBT Transport") is (and was at the time of the wreck described below) a corporation organized and existing under the laws of the Province of Ontario

with a principal office and place of business in same (235 Waydom Drive RR1, Ayr, Ontario, Canada N0B1E0).

4. Florin Comici is (and was at the time of the wreck described below), a citizen and resident of Hamilton, Ontario, Canada. On information and belief, at all times relevant to this case, Comici was acting as the agent, servant and employee of the defendants. As such, Comici's negligence is imputed to the defendants under the principles of agency, vicarious liability and *respondeat superior*. Further, the defendants were independently negligent, wilful, wanton and reckless in entrusting a motor vehicle to Comici and in hiring, retaining and failing to properly train Comici as more fully described below.

## FACTUAL BACKGROUND

5. The wreck that caused the wrongful death of Frank Baity occurred on U.S. Highway I-77 near Elkin, North Carolina on July 24, 2004.

6. Frank Baity made his living, among other things, operating a flatbed wrecker for his employer, Southeastern Cars & Parts Inc. Shortly after 11:00 p.m. on July 23, 2004, Frank Baity responded to a call regarding a collision in the southbound lanes of I-77 near Elkin, North Carolina. When Frank Baity arrived at the scene of the accident, he successfully retrieved, using his flatbed, a late model Jeep Wrangler that had been forced off the interstate and into an adjacent wooded area. At all times relevant herein, the lights on Frank Baity's flatbed were illuminated, including an amber-colored, flashing light bar on the roof, as required by N.C. Gen. Stat § 20-130.2. In addition to the lights on Frank Baity's flatbed, the headlights and taillights of the Jeep Wrangler loaded thereon were also operating and flashing to warn oncoming traffic of its presence.

7.     At or about 12:30 a.m. on the morning of July 24, 2004, Frank Baity pulled off from the shoulder of I-77, the disabled Jeep Wrangler having been successfully loaded, and was operating the 1997 Ford flatbed in a careful and prudent manner in a generally southerly direction on I-77, heading toward Jonesville.

8.     At about the same place and time, defendant Florin Comici ("Comici") was operating a 1999 Volvo commercial tractor truck (VIN 4VG7DARJ3XN777944; Ontario plate # PT-4318) (the "tractor trailer"), registered to and owned and operated by defendants, and was hauling a trailer registered to and owned and operated by defendants. At all times relevant to this case, defendant Comici was acting within the course and scope of his agency, servancy and employment for defendants. The negligence of defendant Comici is imputed to defendants through the principles of vicarious liability and *respondeat superior*. Further, the vehicle operated by Comici was assigned Department of Transportation number 991794 and was being operated in interstate commerce by defendants. As such, defendants are responsible for the negligence of their driver, defendant Comici, as alleged herein.

9.     At the point where the collision occurred, I-77 was a four lane paved highway, with clearly marked white lines, indicating the boundaries for each lane of travel. Frank Baity was traveling in the rightmost southbound lane. Visibility towards Mr. Baity's vehicle was unobstructed for more than one mile.

10.    At the same time and place, defendant Comici was driving the defendants' tractor trailer truck, also in a southerly direction. Pursuant to federal motor carrier safety regulations, Comici was scheduled, and legally required, to stop driving at 8:30 p.m. on July 23, 2004, four hours before the fatal collision occurred. Defendant Comici, however, ignored federal law. Instead, he elected to keep driving and barreled down I-77, traveling at a high rate of speed. Just

3

before the collision, contrary to posted speed limit signs, Comici was operating his tractor trailer truck in one of the truck's highest gears and at a speed in excess of seventy-five (75) miles per hour. Without braking, Comici forcefully collided with the rear of Frank Baity's flatbed, causing the flatbed to careen off the right shoulder of I-77, travel up an embankment, become airborne and land upside down in the woods. Tragically, Frank Baity was thrown from his vehicle and was killed when the flatbed he had been driving came crashing down upon him. Frank Baity died as a result of the wreck, but not before experiencing severe physical pain and mental suffering, pre-crash terror and fear of impending death.

11. On February 7, 2005, in exchange for not facing criminal charges of misdemeanor death by vehicle in Surry County District Court, Comici pled guilty to log book violations and failure to reduce speed to avoid an accident.

## FIRST CLAIM FOR RELIEF
### (Negligence of Defendants – Respondeat Superior)

12. The allegations contained in the above paragraphs are hereby incorporated by reference.

13. Defendant Comici, at all times acting in the course and scope of his agency for the defendants, was negligent, grossly negligent, and guilty of wilful and wanton conduct in that:

(a) he failed to keep a careful and proper lookout;

(b) he failed to maintain proper control of the tractor trailer truck;

(c) he drove the truck at a speed that was greater than what was reasonable and prudent in violation of G.S. 20-141(a);

(d) he failed to reduce his speed to avoid an accident;

4

(e) he drove carelessly and heedlessly in wilful and wanton disregard of the rights and safety of others, including Frank Baity (in violation of G.S. 20-140) (which is negligence within itself);

(f) he drove without due caution and circumspection and in a manner so as to endanger or be likely to endanger other persons or property, including Frank Baity (in violation of G.S. 20-140) (which is negligence within itself);

(g) he failed to take action necessary to avoid a collision;

(h) he drove the tractor trailer truck in a manner that was not reasonable and prudent under the circumstances then existing;

(i) he was aware or should have been aware that his conduct in operating a tractor trailer at such a dangerous rate of speed represented an unreasonable risk of harm to motorists on the highway;

(j) he continued to operate his tractor trailer in this fashion, with complete disregard to the rights and safety of other motorists, including Frank Baity;

(k) he operated the tractor trailer well beyond the maximum duty time permitted by federal regulations and at a time when he was mentally and physically fatigued and sleep deprived; and

(l) he was otherwise reckless, wilful, wanton, careless, negligent and grossly negligent.

Defendant Comici's conduct was a proximate cause of the collision and the death of Frank Baity, as well as the conscious pain and suffering Frank endured prior to his death. Further, Defendant Comici's conduct is imputed to defendants under principles of agency, vicarious liability and *respondeat superior.*

5

## SECOND CLAIM FOR RELIEF
### (Negligent Entrustment, Hiring, Retention and Training of Defendant Comici by Defendants)

14. The allegations contained in the above paragraphs are hereby incorporated by reference.

15. Defendants owed a duty to the traveling public, including Frank Baity, to employ a truck driver who was capable of operating their tractor trailer truck in a reasonably safe manner, and in accordance with the applicable standards of care for tractor trailer truck operation. Further, defendants had a duty to conduct a reasonable investigation of defendant Comici in order to ensure that he had the requisite training and experience with tractor trailer trucks and that he had demonstrated a commitment to safety. Defendants particularly were in a position to establish and formulate policies and procedures to assure that only reasonably competent and safe truck drivers were allowed to operate their trucks and trailers on public highways.

16. Defendant Comici at the time of the wreck described above, had been charged with and/or convicted of numerous speeding, traffic and/or motor carrier safety violations prior to, and during his employment with defendants. Defendants formulated the policies and procedures, including employment and personnel guidelines applicable to their truck drivers, which permitted Comici to take the wheel of the tractor trailer truck that caused the wreck in this case.

17. At the time the defendants provided, supplied and/or otherwise entrusted the commercial tractor trailer truck to Comici, the defendants knew, or in the exercise of reasonable care, should have known that Comici had a history of offenses associated with the operation of motor vehicles for which he was charged and/or convicted; and that other information about Comici showed that he could not be entrusted with a commercial motor vehicle.

6

Case 1:05-cv-01025-RAE   Document 1   Filed 11/28/05   Page 6 of 12

18. A reasonable investigation of Comici's background would have disclosed his criminal history which demonstrated a pattern of intentional, reckless, fraudulent, and/or wilful and wanton behavior. As such, a reasonable investigation of Comici's background would have disclosed the fact that Comici was incompetent and could not be entrusted to operate a large tractor trailer truck for commercial purposes in accordance with the laws applicable on highways of the United States and, specifically, North Carolina, where the lives of innocent citizens would be jeopardized. The defendants' failure to perform such a reasonable investigation, or to institute policies, procedures or other controls to ensure such an investigation was performed, then entrusting the vehicle to Comici, constituted a negligent, grossly negligent, reckless, wilful and wanton breach of the duty owed by the defendants to the traveling public, including Frank Baity.

19. Consequently, defendants knew or should have known of defendant Comici's propensity for operating tractor trailers in an unsafe and negligent manner, and that such propensity for carelessness and negligence could or would likely cause injury in the future. Still, defendants made intentional and conscious decisions to retain Comici as one of their drivers, knowing full well that he presented an unreasonable risk of harm to the traveling public.

20. Defendants participated in the hiring and retention of defendant Comici, and whose negligence is imputed to defendants, and which constitutes a breach of defendants' duty owed to Frank Baity, and is therefore negligence.

21. In addition, defendants knew or had reason to know that defendant Comici had operated vehicles for them in an unsafe manner. However, defendants explicitly or tacitly approved and/or otherwise condoned Comici's operation of defendants' tractor trailer trucks in this manner, including the operation of the tractor trailer truck at the time of the collision.

7

22. In the alternative, prior to providing, supplying and/or otherwise entrusting the tractor trailer truck to Comici, upon information and belief, the defendants did not otherwise reasonably and sufficiently inquire about Comici's experience and/or competency to operate the commercial tractor trailer truck at issue. Further, upon information and belief, the defendants provided insufficient and inadequate training to Comici with respect to the operation of their trucks necessary for him to safely operate the commercial tractor trailer truck involved in the collision.

23. Upon information and belief, for some period of time prior to the day of Frank Baity's death, the defendants knew or should have known that experience and training were needed for drivers such as Comici, before allowing such persons to operate commercial motor vehicles on the roads and highways of the United States and, specifically, North Carolina, and that the failure to establish such experience and to provide such training would result in grave danger to other persons using the highways in North Carolina, including Frank Baity. The defendants' failure to establish Comici's experience and to provide him reasonable training presented an unreasonable danger, and constituted a breach of the defendants' duties to members of the traveling public, including Frank Baity.

24. The corporate defendants knew or should have known that Comici was operating their tractor trailer, as the agent servant and employer and within the course and scope of such agency, well beyond the maximum duty time allowed by applicable federal regulations. Yet the defendants ignored these regulations and permitted and encouraged Comici to operate the tractor trailer beyond maximum duty time such that it was reasonably foreseeable that his ability to safely operate a tractor trailer would be severely impaired.

8

25.     Upon information and belief, defendants knew or should have known that there had been other wrecks involving its tractor trailer trucks under similar circumstances, and that defendants nevertheless failed to provide additional training, warnings and instruction to its drivers and failed to take other necessary action that would have avoided the wreck in this case. Such failure was a breach of defendants' duties to those traveling on the public highways, including Frank Baity, and constituted negligence.

26.     The negligence of defendants as stated herein in formulating and enforcing corporate hiring policies and operating policies which permitted Comici to operate the tractor trailer truck at the time of the wreck, was a proximate cause of the wreck and resulting death of Frank Baity, as well as the conscious pain and suffering he endured prior to his death.

### THIRD CLAIM FOR RELIEF
### (Agency by Estoppel/Apparent Agency)

27.     The allegations contained in the above paragraphs are hereby incorporated by reference.

28.     The defendants, through their conduct, represented and/or permitted it to be represented that Comici was their agent. Consequently, they are estopped to deny the agency as against plaintiff.

29.     Comici's conduct was a proximate cause of the collision and the death of Frank Baity, as well as the conscious pain and suffering he endured prior to his death. Further, Comici's conduct is imputed to the defendants under principles of agency, agency by estoppel, apparent agency, vicarious liability and respondeat superior.

9

## DAMAGES
### (Compensatory Damages)

30. At the time of his death, Frank Baity was 51 years of age (his date of birth was November 2, 1952). He is survived by his wife, Susan Baity, and four beautiful children: Travis Baity, Phyllis Baity, Ryan Lemons and Alisha Lemons, with whom he shared bonds of genuine love and affection. By reason of the wrongful and negligent acts and omissions of defendants, as heretofore alleged, Franks's wife and children (as well as the rest of Frank's family and society as a whole), have been forever deprived of his society and their relationship with a wonderful man. In particular, Susan Baity and Frank's children have been forever deprived of his net income, his services, care, protection, and assistance, as well as his society, companionship, comfort, guidance, kindly offices, advice, love and affection. Reasonable and necessary funeral and burial expenses were also incurred. In addition, Frank endured horrible physical pain and mental suffering prior to being brutally crushed, and he suffered pre-crash terror and fear of his impending death. Plaintiff is entitled to recover from defendants, jointly and severally, all damages permitted by G.S. § 28A-18-2, a sum in excess of $10,000.

### Punitive Damages

31. Defendants' actions and conduct described above were outrageous, wilful and wanton and were the result of the conscious and intentional disregard of and indifference to the rights and safety of others, which defendants knew or should have known was reasonably likely to result in injury, damage or other harm. Comici drove his tractor trailer truck recklessly, wilfully and wantonly, which resulted in his failure to control his truck and the ensuing collision with Frank's vehicle. Defendants participated in, knew of, consented to, approved and/or otherwise condoned the conduct of defendant Comici, as alleged the above paragraphs of this complaint. Defendants knew that Comici was unfit and unsafe to operate a tractor trailer on and

about public highways due to his record of traffic violations, accidents, lack of appropriate training and instruction and other conduct. Yet, the defendants decided to continue to allow him to operate on the public highways knowing that he represented an unreasonable risk of harm to the traveling public. Further, the defendants allowed and encouraged Comici to operate the tractor trailer beyond the maximum duty time permitted by applicable federal regulations, such that his ability to operate the vehicle was substantially impaired. The conduct of defendants was prompted by the decision to achieve profits for their trucking and transport businesses, even if the risk of harm was unreasonable. Frank Baity paid with his life. The actions and conduct of defendants show such reckless, wilful, wanton and callous indifference and cavalier disdain for others, including Frank Baity, that they warrant and justify an assessment of punitive and exemplary damages, in an amount to be established by the jury in excess of $10,000, but not less than that reasonably calculated to punish them for their conduct and to deter such conduct in the future.

WHEREFORE, plaintiff respectfully prays the Court that:

(1) Plaintiff have and recover from defendants, jointly and severally, a sum in excess of $10,000 for the funeral expenses, conscious physical pain and mental suffering, wrongful death, loss of net income, services, protection, care and assistance, society, companionship, comfort, guidance, kindly offices and advice, and such other compensatory damages to which plaintiff is entitled to recover pursuant to G.S. § 28A-18-2;

(2) Plaintiff have and recover from defendants jointly and severally punitive damages in an amount exceeding $10,000;

11

(3) The costs of this action, to include reasonable attorneys' fees, and interest, be taxed against the defendants;

(4) All issues of fact herein be tried by a jury; and

(5) For such other and further relief as the Court deems appropriate and just.

This the 23rd day of November, 2005.

*W. Thompson Comerford, Jr.*
W. Thompson Comerford, Jr.
N.C. State Bar No. 6089

*Alan R. Dickinson*
Alan R. Dickinson
N.C. State Bar No. 27790

OF COUNSEL:

COMERFORD & BRITT, L.L.P.
250 West First Street, Suite 300
Winston-Salem, NC 27101-4010
Telephone: (336) 631-8510
Facsimile: (336) 631-8228

*Daniel J. Park by wtc*
Daniel J. Park
N.C. State Bar No. 3318

OF COUNSEL:

LAW OFFICE OF DANIEL J. PARK
117 W. Market Street
Elkin, NC 28621
Telephone: 336-835-2166
Facsimile: 336-835-8063

12