| | |
|---|---|
| SUSAN SMITH BAITY, Administratrix of the Estate of FRANK DEAN BAITY, <br><br> Plaintiff, <br><br> vs. <br><br> HUNGARO TRANSPORTATION, INC., JBT TRANSPORT INC. and FLORIN COMICI, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ORDER APPROVING SETTLEMENT

**THIS CAUSE** coming on for hearing and being heard by the undersigned Magistrate Judge, upon the motion of Plaintiff Susan Smith Baity, Administratrix of the Estate of Frank Dean Baity, for approval of a settlement reached with defendants in the above cases.

**AND IT APPEARING TO THE COURT** that Plaintiff Susan Smith Baity is the surviving wife and duly appointed Administratrix of the Estate of Frank Dean Baity.

**AND IT APPEARING TO THE COURT** that Plaintiff brought this wrongful death action against defendants for injuries and damages sustained because of negligence; and it appearing that Plaintiff and Defendants and their insurance carriers have reached a settlement of all claims and desire to have such settlement approved by the Court.

**AND IT FURTHER APPEARING** to the Court that the Administratrix has, acting in the best interest of those persons entitled to receive such damages, agreed and decided to accept such proposed amount in full settlement, compromise, release and satisfaction of the survival and wrongful death claims, and has submitted and proposed such settlement to this Court for its consideration and its approval so that such settlement may be valid and binding for all purposes and according to law.

**AND IT FURTHER APPEARING** to the Court that the one adult child of the deceased, Frank Dean Baity, has consented to the settlement and has requested that it be approved as set forth in the petition.

**AND IT FURTHER APPEARING** to the Court that the one minor child of the deceased, Frank Dean Baity, still lives at home with his mother, who has consented to the settlement, believing it to be in her son's best interest, and has requested that it be approved as set forth in the petition. Specifically, the funds for the minor child, Travis C. Baity, will be placed in a structured settlement, with payments to begin after he reaches the age of majority.

**AND IT FURTHER APPEARING** to the Court that the parties have agreed that after the execution of this order, upon execution of a settlement agreement and release and upon payment of the settlement funds to Plaintiff's attorneys into their firm trust account (and the "clearing" of such funds), Plaintiff will execute a voluntary dismissal with prejudice of all claims against the Defendants in these cases.

**AND IT FURTHER APPEARING** to the Court that these are complex claims and the Court has reviewed the facts of the case and the extensive work performed by counsel, and the Court has determined that Plaintiff and the beneficiaries are satisfied in all respects with the proposed compromise, settlement and distribution and that they desire that it be approved, and that they are satisfied with the services provided by the attorneys for the estate and that they have requested that the attorneys be reimbursed for the costs advanced during the litigation and that the attorneys should be compensated for their fees in accordance with the fee agreement which provides for a thirty percent fee based upon the gross settlement amount.

**AND THE COURT FINDS,** following a review of the information in the "Petition for Approval of Settlement" filed with the Court, that the settlement is fair, reasonable and just, and in the best interest of the Estate of Frank Dean Baity, and is in all respects reasonable and proper, and it should be and is in all respects ratified, affirmed and approved by this court.

**THE COURT,** having made due inquiry into the facts and circumstances relating to the death of Frank Dean Baity, including a review of the settlement amount, has approved and does approve the same;

**AND THE COURT FURTHER FINDS,** after having investigated the matters set forth above, that it is in the best interest of Plaintiff to compromise and settle all claims against Defendants as set forth in the "Petition for Approval of Settlement" filed with the court.

**AND THE COURT FURTHER FINDS** that the amount of the settlement, $3,625,000.00, is reasonable and appropriate for the claims presented.

**AND THE COURT FURTHER FINDS** that the attorneys, Comerford & Britt, LLP and Law Office of Daniel J. Park, should be compensated for their fees in the amount of $1,087,500.00, and should be reimbursed for costs and expenses in the amount of $13,323.89.

**AND THE COURT FURTHER FINDS** that the gross settlement proceeds should be deposited into the firm trust account with Comerford & Britt, LLP, and should be distributed as follows:

| | |
|---|---:|
| GROSS SETTLEMENT AMOUNT: | $3,625,000.00 |
| Comerford & Britt (attorneys' fees): | $ 543,750.00 |
| Law Office of Daniel J. Park (attorneys' fees): | $ 543,750.00 |
| Comerford & Britt (costs and expenses): | $ 10,663.70 |
| Law Office of Daniel J. Park (costs and expenses): | $ 2,660.19 |
| Funds to be held in trust (workers' compensation lien): | $ 154,000.00 |
| Susan Smith Baity | $ 810,058.71 |
| Phyllis M. Baity | $ 780,058.70 |
| Travis C. Baity | |
| (to be paid to The James Street Group/American General Life Ins. Co.) | $ 780,058.70 |
| Balance: | $ 0.00 |

**AND THE COURT FURTHER FINDS** that the settlement proceeds of Travis C. Baity, the minor beneficiary, shall be paid to The James Street Group/American General Life Insurance Company for the purchase of a structured settlement option, unless the court enters another order concerning such proceeds.

**NOW, THEREFORE, it is hereby ORDERED as follows:**

1. That the settlement described in the "Petition for Approval of Settlement" is fair, reasonable and just and in the best interests of the Estate of Frank Dean Baity, and in the best interests of the beneficiaries and is hereby approved;

2. That Susan Smith Baity, as Administratrix of the Estate of Frank Dean Baity, is authorized to execute a Release on behalf of the estate; and

3. That the settlement payments and distribution shall be made as described above.

This the 18th day of May, 2006.

/s/ Russell A. Eliason
Magistrate Judge